UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEONTA BUTLER,

        Petitioner,

v.                                                CASE NO. 2:06-CV-14208
                                                HONORABLE LAWRENCE P. ZATKOFF

JAN E. TROMBLEY,

        Respondent.
_____/

**OPINION AND ORDER DENYING HABEAS CORPUS PETITION
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Petitioner Deonta Butler has filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's state convictions for (1) second-degree murder, (2) assault with intent to rob while armed, and (3) possession of a firearm during the commission of, or attempt to commit, a felony (felony firearm). Petitioner alleges that the trial court erred by refusing to permit him to withdraw his guilty plea. Because this claim does not warrant habeas corpus relief, the habeas petition must be denied.

**I. Background**

Petitioner was charged in Wayne County, Michigan with first-degree (felony) murder, assault with intent to rob while armed, and felony firearm. The charges arose from the fatal shooting of Dennis Androyna in Inkster, Michigan on August 17, 2002. On May 2, 2005, Petitioner pleaded guilty to second-degree murder, MICH. COMP. LAWS § 750.317, assault with intent to rob while armed, MICH. COMP. LAWS § 750.89, and felony firearm, MICH. COMP. LAWS § 750.227b. In return, the prosecutor dismissed the first-degree murder count, and the parties agreed to a sentence of two years for the felony firearm conviction, followed by concurrent terms of thirty-five to eighty years for the other two convictions.

On the date set for sentencing, Petitioner asked for permission to withdraw his guilty plea "in the interest of justice." The trial court denied his request and sentenced Petitioner to two years in prison for the felony firearm conviction, followed by two concurrent terms of thirty-five to eighty years for the murder and assault convictions. Petitioner appealed his conviction, but the Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. *See People v. Butler*, No. 265300 (Mich. Ct. App. Oct. 25, 2005). On April 28, 2006, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issue. *See People v. Butler*, 474 Mich. 1125; 712 N.W.2d 460 (2006) (table).

Petitioner filed his habeas corpus petition on September 25, 2006. The sole ground for relief alleges that the trial court erroneously denied Petitioner's motion to withdraw his guilty plea. Respondent urges the Court in a responsive pleading to deny the habeas petition on the merits.

## II. Discussion

### A. Standard of Review

Petitioner is entitled to the writ of habeas corpus if the state court's adjudication of his claim on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially

indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (Justice O'Connor's majority opinion on Part II). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.

"[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Id*. at 410 (emphasis in original). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409.

### B. The Denial of Petitioner's Motion to Withdraw his Plea

Petitioner alleges that the trial court abused its discretion when it denied his timely request to withdraw his guilty plea before sentencing. Petitioner asserts that his guilty plea was not knowing and understanding, that he relied on erroneous legal advice when deciding to plead guilty, and that his claim of innocence was an adequate basis for withdrawing his plea.

#### 1. The State Law Claim

Petitioner relies on Michigan Court Rule 6.310, which provides:

> [A] plea may be withdrawn on the defendant's motion or with the defendant's consent only in the interest of justice, and may not be withdrawn if withdrawal of the plea would substantially prejudice the prosecutor because of reliance on the plea.

Mich. Ct. R. 6.310(B)(1).

The Court need not decide whether the trial court correctly applied Rule 6.310(B), because "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). "In conducting habeas review, a federal court is limited to deciding

3

whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire,* 502 U.S. 62, 68 (1991) (citing 28 U.S.C. § 2241 and *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (per curiam)).

### 2. The Federal Claim

The only federal constitutional question implicated here is whether Petitioner's plea was a voluntary, knowing, and intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). The Court must consider all the relevant circumstances when deciding whether Petitioner's plea was voluntary and intelligent, because a guilty plea is a waiver of constitutional rights. *Id.* at 748-49. A plea may be involuntary if the defendant does not understand either the nature of the constitutional rights he is waiving or the charge against him. *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976). The defendant must be aware of the direct consequences of the plea, *Riggins v. McMackin*, 935 F.2d 790, 795 (6th Cir. 1991), and the maximum sentence that could be imposed. *King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994).

> The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision. A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action.

*Brady*, 397 U.S. at 757. Furthermore, "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Petitioner was twenty years old at his plea. The plea and sentencing agreement, as well as the maximum penalties, were explained to him. He stated that he understood the maximum penalties and the rights that he was waiving by pleading guilty. He also stated that he was given

4

an opportunity to discuss the plea with his attorney and to consider all his options. He assured the trial court that no other promises had been made to him, that he was pleading guilty freely and voluntarily, and that it was his choice to plead guilty. When asked about the factual basis for the crime, he stated that he fired a gun at the victim about three times after agreeing to rob the man.

At the sentencing, Petitioner moved through counsel to withdraw his plea. The trial court twice asked Petitioner whether he wanted to add anything to his attorney's motion, but he responded, "No" both times. The trial court denied the motion because, in its opinion, Petitioner's rights were not violated during the plea process and there was a possibility that a jury would find Petitioner guilty of first-degree murder if he went to trial. The trial court also took note of the diligent work the parties had already done on the case.

Although Petitioner states that he relied on erroneous legal advice and is innocent, he has not explained the nature of the advice he was given or why he believes he is innocent. Nor did he develop a factual basis for his allegations in state court. The allegation of innocence is belied by his admissions at the plea. The claim also is unsubstantiated. Petitioner's three companions during the shooting informed the police that Petitioner threatened to kill the victim if the victim did not hand over his money. When the victim responded that he did not have any money, Petitioner repeatedly fired a gun at the man, who died from multiple gunshot wounds.

Petitioner claimed at his plea that one of his three companions also had a gun and that he (Petitioner) did not know whether he actually killed the victim. This allegation is contradicted by evidence provided by Petitioner's companions. In addition, the trial court opined at the sentencing that Petitioner was the most culpable of the four defendants and that his conduct was

5

unexplainable and inexcusable. Had Petitioner gone to trial, he could have been found guilty of first-degree murder and sentenced to life imprisonment for the crime.

The Court concludes that Petitioner has failed to make a credible showing of actual innocence. He also has failed to demonstrate that his attorney provided bad advice in encouraging him to plead guilty to second-degree murder.

In closing, the Court would like to point out that

> an express admission of guilt . . . is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.

*North Carolina v. Alford*, 400 U.S. 25, 37 (1970). Thus, "[a] plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *United States v. Broce*, 488 U.S. 563, 569 (1989).

Petitioner's plea was voluntary, knowing, and intelligent. Therefore, he has no right to habeas relief.

### III. Conclusion

The state appellate court's conclusion -- that Petitioner's claim lacked merit -- did not result in a decision that was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. Accordingly, the application for a writ of habeas corpus is DENIED. The Court DECLINES to grant a certificate of appealability, because reasonable jurists would not find the Court's assessment of Petitioner's claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

                                                           s/Lawrence P. Zatkoff

LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: August 13, 2007

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 13, 2007.

                                    s/Marie E. Verlinde
                                    Case Manager
                                    (810) 984-3290